**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**DAVID E. FACTOR,**

                       **Plaintiff,**

              **- against -**

**SOCIÉTÉ GÉNÉRALE NORTH AMERICA, INC.,**

                       **Defendant.**

**06 Civ. 3480 (HB)**

<u>**OPINION & ORDER**</u>

------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

        Plaintiff seeks a declaratory judgment that a non-compete clause in his employment agreement is void on its face, and thus, unenforceable. Defendants removed the case from state court and filed a motion to stay proceedings and compel arbitration of this dispute pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et. seq*. For the reasons below, this motion is GRANTED.

**I.    BACKGROUND**

        The following facts are undisputed and taken from plaintiff's Complaint. David Factor ("Plaintiff" or "Factor") was hired as an employee-at-will by Société Générale ("SG" or "Defendant"), an investment banking firm, in March 2001. He was employed as a foreign exchange trader and traded SG's capital on the foreign currency exchange market.

        On November 2, 2004, during the course of his employment, Factor signed an agreement that contained a non-compete provision. Plaintiff resigned from SG on May 4, 2006. The non-compete clause prohibited him, without SG's consent, *inter alia*, from directly or indirectly trading at any financial company in direct or indirect competition with, or engaging in substantially the same business as SG, for a period of six months following his departure. Plaintiff asked the Defendant to waive this provision. Defendant refused. Plaintiff requests that this Court declare the restrictive covenant unenforceable. Plaintiff is currently unemployed awaiting resolution of this issue. David Factor Affidavit ¶ 3 (May 12, 2006).

**II.    DISCUSSION**

        The only issue is whether the arbitration clause included in the Plaintiff's employment agreement is applicable to this dispute. If it is, the FAA requires me to stay proceedings in this

1

Court and compel arbitration. Plaintiff argues that the FAA does not apply. I disagree.

The FAA applies to any arbitration agreement that affects interstate or foreign commerce.

> A written provision in any maritime transaction or a contract evidencing a transaction *involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2 (2001) (emphasis added). The Supreme Court has held that the phrase "involving commerce" is read broadly – and usually "signals the broadest permissible exercise of Congress' Commerce Clause power." Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003). The FAA defines commerce as:

> Commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nations, or between the District of Columbia and any State or Territory or foreign nation.

Id. at § 1.

Plaintiff was a foreign exchange trader with SG's "New York Foreign Exchange Trading Desk." As described in the Plaintiff's Verified Complaint:

> The foreign exchange (currency or "forex") market exists wherever one currency is traded for another. It is the largest market in the world, in terms of cash value traded, and includes trading between large banks, central banks, currency speculators, multinational corporations, governments, and other financial markets and institutions, as well as retail traders (small investors or speculators).

Verified Complaint, ¶ 5. Given the international nature of this business, plaintiff's activities fall within the ambit of the FAA.

*A. Arbitrability of the Dispute*

It is beyond peradventure that it is for courts to decide whether an underlying dispute is arbitrable. See, e.g., Howsam v. Dean Witter Reynolds, 537 U.S. 79, 82 (2002); Collins & Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d 16, 23 (2d Cir. 1995) (finding that "the task of determining whether a claim or set of claims 'arises out of or relates to' the particular contract in which the arbitration clause is found" should be done by the district court). Arbitration clauses

are read broadly to encourage the resolution of matters through arbitration as opposed to through the courts.  See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1991) (stating that "Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements.").  Following these dictates, I find that this matter falls within the scope of the arbitration clause set forth in the employment agreement.

The Second Circuit has differentiated between broad and narrow arbitration clauses.  See McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 832 (2d Cir. 1988) (internal citations omitted) ("In construing arbitration clauses, courts have at times distinguished between "broad" clauses that purport to refer all disputes arising out of a contract to arbitration and "narrow" clauses that limit arbitration to specific types of disputes.").  The clause at issue here was drafted broadly and provides that:

> Any and all disputes arising out of or relating to your employment or the termination of your employment with SG, including any statutory claims based on discrimination, as amended, will be submitted to and resolved exclusively by a panel of arbitrators for either the New York Stock Exchange or the National Association of Securities Dealers, Inc.  The arbitration shall be held in the City of New York.  In agreeing to arbitrate your claims, you recognize that you are waiving your right to a trial in court and by a jury.  The arbitration award shall be binding upon both parties, and judgment upon the award may be entered in a court of competent jurisdiction.

Employment Agreement, ¶ 11 (Nov. 1, 2004).  Pursuant to the clause, "any and all disputes arising out of or relating to your employment" are abitrable.  The Second Circuit has previously found that this type of clause is "presumptively arbitrable."  See Collins & Aikman Prod. Co. v. Building Sys., 58 F.3d 16, 20 (2d Cir. 1995) (finding that "[a]ny claim or controversy arising out of or relating to th[e] agreement," is broad, and, thus, presumptively arbitrable).   The Second Circuit has found that this presumption "is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute."  WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997) (internal quotation omitted) (internal citation omitted).  Plaintiff does not rebut the presumption.

On its face, the Employment Agreement appears to cover this dispute.  The Agreement, which "provides the details of [plaintiff's] compensation … and certain other terms and conditions relating to [plaintiff's] employment by the Company," includes the arbitration and

non-compete clauses at issue. Employment Agreement, ¶ 1, 7, 11. Furthermore, this action was filed while Plaintiff was still employed at SG. Verified Complaint ¶ 2. Despite this, Plaintiff argues that the parties intended to litigate disputes that arose pursuant to the non-compete clause. Given the high standard Plaintiff must satisfy to rebut the presumption of arbitrability, this argument is unavailing.

To make the cheese more binding, paragraph 10 of the Employment Agreement allows only SG, not the employee, to come to Court and "seek injunctive relief [in the event of] breach or prospective breach" of the non-compete clause, clearly not the case here and litigation in the District Court does not appear to be an option for the plaintiff. While it is true that SG might have drafted the employment agreement and its arbitration clause so as to either specifically include matters such as this or specify that injunctive relief may only be sought in aid of arbitration, their failure to do so hardly rebuts the presumption of arbitrability. While not exactly a masterpiece of draftmanship, it cannot be said that SG's reading of the contract is incorrect. Thus, this dispute is arbitrable.

*B. Stay of Proceedings*

Pursuant to the Federal Arbitration Act, court proceedings must be stayed if a dispute is subject to arbitration. 9 U.S.C. § 3. The relevant factors to be considered by the Court in this case are whether the parties agreed to arbitrate and the scope of the arbitration agreement.

Plaintiff signed an Employment Agreement which evidenced his agreement to arbitrate disputes "arising out of" his employment, and I have concluded that the dispute is within the scope of the arbitration clause. In short, the parties must arbitrate their dispute before commencing any proceeding in this Court.

### III. CONCLUSION

The motion to stay pending arbitration is granted and the parties will proceed to arbitration expeditiously. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
May ___, 2006

_____
U.S.D.J.

4